```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                  FORT MYERS DIVISION
```

KOICHI SAITO and LYNNEA SAITO,

    Plaintiffs,

v.                              Case No: 2:23-cv-962-JES-NPM

SHERI CHAPPELL,

    Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on review of four motions: (1) Sheri Chappell's (Judge Chappell or Defendant) Motion to Dismiss (Doc. #10); (2) Judge Chappell's Motion to Stay Pending Decision on Motion to Dismiss (Doc. #12); (3) Koichi Saito's and Lynnea Saito's (the Saitos or Plaintiffs) Motion to Strike (Doc. #13); and (4) the Saitos' Motion for Attorney to Show Authority (Doc. #16.) Responses in Opposition were filed to the first three motions. (Docs. ##13, 14, 15.) For the reasons stated below, the Motion to Dismiss is granted, the Motion to Stay is denied as moot, the Motion to Strike is denied, and the Motion for Attorney to Show Authority is denied.

**I.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing

that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether

they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

A pleading drafted by an unrepresented party is held to a less stringent standard than one drafted by an attorney, and the Court construes such documents liberally. Jones v. Fla. Parole Comm'n, 787 F.3d 1105, 1107 (11th Cir. 2015). Pro se litigants are still required to conform to procedural rules, Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007), and a court may not serve as *de facto* counsel for a *pro se* party or to rewrite an otherwise deficient pleading. Campbell v. Air Jamaica, 760 F.3d 1165, 1168-69 (11th Cir. 2014).

## II.

Plaintiffs filed a "1.5 Million Dollar Claim Under The Tucker Act 2.4.C. For Violation of Due Process By Holding The Plaintiffs' Pleadings To A Higher Standard" (Doc. #1, p. 1) (the Complaint) against Judge Chappell on November 9, 2023. The Complaint alleges that defendant Sheri Chappell, "who sometimes acts as [a] judge," "acted with deliberate indifference to the Constitution and federal laws when she dismissed the Plaintiff's civil action." (Id. at p. 2.) The Complaint continues that "[t]his was done using an administrative court process that did not use a fact of findings and conclusions of law to support the any rulings." (Id.) Without findings of fact and conclusions of law, "the judge's erroneous decision is not legal and cannot be challenged or appealed without

filing a civil action. This is a violation of the Plaintiffs' due process rights." (Id.) Plaintiffs assert their due process rights were violated "when the federal judge used the court's administrative process to dispose of the Plaintiffs' case." (Id.) The Complaint continues that Judge Chappell conspired with a fellow Bar member to "hold Plaintiffs' pleadings and conduct to the heightened standard of a licensed attorney . . . ." (Id.) The Complaint also asserts that Judge Chappell had a duty to protect plaintiffs' equitable interests. (Id.) The Complaint further asserts that Judge Chappell failed to adhere to the requirements of Fed. R. Civ. P. 52(a)(1) by failing to provide detailed findings of fact and conclusions of law. (Id. at p. 3.) Similar allegations are set forth in the remainder of the Complaint, which also refers to Judge Chappell's conduct as constituting "negligence". (Id. at p. 5.) In a section captioned "Claims," plaintiffs adopt and incorporate their prior statements and assert four claims against Judge Chappell: Violation of the Tucker Act; violation of due process; violation the Administrative Procedures Act of 1946, and conspiracy. (Id. at p. 7.) Plaintiffs seek $1.5 million dollars in damages. (Id. at pp. 1, 7-8.)

**III.**

Judge Chappell moves to dismiss the Complaint based on absolute judicial immunity or, alternatively, on the basis that none of the claims have merit under any theory. (Doc. #10.) The

4

Plaintiffs counter that Judge Chappell was "not functioning in a judicial capacity" and thus does not enjoy absolute judicial immunity. (Doc. #13, pp. 3-4.) For the reasons set forth below, the motion to dismiss is granted.

**(1) Motion to Dismiss**

"Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction." Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2002) (quotation marks omitted). "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." Id. A district court may dismiss a complaint for failure to state a claim based on the affirmative defense of judicial immunity "when the defense is an obvious bar given the allegations." Sibley v. Lando, 437 F.3d 1067, 1070 n.2 (11th Cir. 2005).

The Eleventh Circuit has summarized the well-established principles of judicial immunity:

> A judge enjoys absolute immunity from suit for judicial acts performed within the jurisdiction of his court. See Stump v. Sparkman, 435 U.S. 349, 356-57, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); Dykes v. Hosemann, 776 F.2d 942, 945 (11th Cir. 1985) (en banc). When we decide whether a judge enjoys absolute judicial immunity for a particular act, we ask whether the judge acted in his judicial capacity. Dykes, 776 F.2d at 945. We look at the nature and function of his act, not the

5

> propriety of the act itself, and consider whether the nature and function of the particular act is judicial. Mireles v. Waco, 502 U.S. 9, 13, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991) (assessing "the particular act's relation to a general function normally performed by a judge"). For example, we ask not "whether civil incarceration was appropriate" in a specific case but instead "whether ordering civil incarceration is a judicial activity." Sibley v. Lando, 437 F.3d 1067, 1071 (11th Cir. 2005).
>
> A judge's motivation is irrelevant to determining whether his act was judicial. A judge enjoys absolute immunity for judicial acts regardless of whether he made a mistake, acted maliciously, or exceeded his authority. Dykes, 776 F.2d at 947. And the "tragic consequences" that result from a judge's acts do not warrant denying him absolute immunity from suit. Stump, 435 U.S. at 363, 98 S.Ct. 1099.

McCullough v. Finley, 907 F.3d 1324, 1330–31 (11th Cir. 2018).

Whether a judge's actions were done in her judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court;(3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity. Scott v. Hayes, 719 F.2d 1562, 1565 (11th Cir. 1983). See also McCullough, 907 F.3d at 1331.  Each of these factors favors judicial immunity in this case.

First, Judge Chappell's act of dismissing a civil complaint filed in the United States District Court for the Middle District of Florida, Fort Myers Division, involved a normal judicial

6

function. Sibley, 437 F.3d at 1071 ("[I]ssuing a decision in the form of a written opinion [is a] judicial action[] . . . ."); Maraist v. Coates, 22-11412, 2023 WL 8643681, at *7 (11th Cir. Dec. 14, 2023)(per curiam)(stating judges act in their judicial capacity when they issues orders in their cases)[1]; William B. Cashion Nevada Spendthrift Tr. v. Vance, 552 F. App'x 884, 887 (11th Cir. 2014) (entering orders is a normal judicial function). The first factor therefore supports a finding that there was a judicial act. Plaintiffs' arguments to the contrary are unpersuasive.[2]

Second, the conduct complained of occurred in the judge's chambers when she entered the order of dismissal. The second factor therefore supports a finding that there was a judicial act.

Third, the controversy centers around a case that was pending before Judge Chappell. The entire thrust of the Complaint centers around Judge Chappell's order dismissing a case pending before her. The third factor therefore supports a finding that there was a judicial act.

---

[1] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." Bonilla v. Baker Concrete Const., Inc., 487 F.3d 1340, 1345 n.7 (11th Cir. 2007).

[2] As Plaintiffs admit in their Complaint, "[t]his dispute stems from [alleged] government official misconduct under the color of law." (Doc. #1, p. 3.)

Fourth, the dispute arose from dealings with the judge in her official capacity. The disputed conduct in this case arose from Judge Chappell's ruling on a motion to dismiss in a case assigned to her. The fourth factor therefore supports a finding that there was a judicial act.

Because Judge Chappell's dismissal of plaintiffs' prior complaint was done in her judicial capacity, she enjoys absolute judicial immunity unless she acted in the "clear absence of all jurisdiction." Stump, 435 U.S. at 357. This requires "an absence of subject matter jurisdiction to defeat a judge's assertion of immunity." Dykes, 776 F.2d at 948; see also McCullough, 907 F.3d at 1332 ("A judge acts in 'clear absence of all jurisdiction' only if [s]he lacked subject-matter jurisdiction."). All of Plaintiffs' cases before Judge Chappell have had subject matter jurisdiction when Judge Chappell issued orders. See Saito v. 20th Jud. Cir. Ct. for Collier Cnty., Fla., 22-cv-515-SPC-KCD (remanded); Saito v. Lewis, 23-cv-266-SPC-KCD (federal question); Saito v. Lewis, 23-cv-506-SPC-KCD (remanded); Saito v. Moffett, 23-cv-513-SPC-NPM (federal question).

Because Judge Chappell was acting within her judicial capacity and not in clear absence of all jurisdiction, judicial immunity applies and Plaintiffs' Complaint will be dismissed. Judge Chappell's motion to stay is denied as moot.

8

The usual rule is that "[w]here a more carefully drafted complaint might state a claim," a pro se plaintiff "must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001) (quotations omitted). However, a district court need not allow an opportunity to amend where amendment would be futile. Woldeab v. Dekalb Cnty. Bd. of Educ., 885 F.3d 1289, 1291 (11th Cir. 2018). Amending in this case would be futile because any lawsuit involving Judge Chappell's entry of an order of dismissal would be dismissed under judicial immunity principles. Therefore, Plaintiffs' Complaint is dismissed with prejudice.

**(2)   Motion to Strike; Motion For Legal Authority**

Plaintiffs move to strike Judge Chappell's motion to dismiss (Doc. #13) and for defense counsel "to show his legal authority and lawful authority to represent the Defendant." (Doc. #16.)  In Plaintiffs' view, defense counsel —an Assistant United States Attorney— is not authorized to represent Judge Chappell. However, United States Attorneys are authorized by law to defend federal judges. 28 U.S.C. § 516 ("[T]he conduct of litigation in which the United States, an agency, or officer thereof is a party . . . is reserved to officers of the Department of Justice, under the direction of the Attorney General."); see also Bryan v. Murphy, 246 F. Supp. 2d 1256, 1259-61 (N.D. Ga. 2003) (collecting

9

authority). Therefore, the motion for discovery of legal authority and the motion to strike are denied.

Accordingly, it is now

**ORDERED**:

1. Defendant's Motion to Dismiss (Doc. #10) is **GRANTED** and the Complaint is **dismissed with prejudice.**

2. Defendant's Motion to Stay Pending Decision on Motion to Dismiss (Doc. #12) is **DENIED AS MOOT.**

3. Plaintiffs' Motion to Strike (Doc. #13) is **DENIED.**

4. Plaintiffs' Motion for Attorney to Show Authority (Doc. #16) is **DENIED.**

5. The Clerk shall enter judgment accordingly, terminate all pending motions and deadlines as moot, and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this __25th__ day of April, 2024.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Counsel of record